U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

APR 2 6 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| FREDERICK LEDAY,<br>    Plaintiff | CIVIL ACTION<br>Section "P"<br>Docket No. 1:06 cv 0339 |
| VERSUS | |
| LYNN COOPER, et al.,<br>    Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. §1983, in forma pauperis ("IFP"), by pro se plaintiff, Frederick Leday ("Leday"), on February 24, 2006, and amended on May 10, 2006. (Doc. Items 1 and 6). The named defendants are Lynn Cooper (warden of the Avoyelles Correctional Center ("ACC") in Cottonport, Louisiana), Myrna Jackson-Cooper (assistant warden of ACC), Iris Harmonson (director of nursing at ACC), Jim Spitz (an LPN at ACC), Emmit Duplechain (an EMT at ACC), Denise Borrel (an LPN at ACC) and Sydney Fisher (an Administrative Remedy Procedure screening officer at ACC). Leday alleges that on or about April 30, 2005, defendants Jim Spitz, Emmit Duplechain and Denise Borrel denied medical care for a medical emergency in violation of his constitutional rights under Eighth Amendment. For relief, Leday requests monetary damages. Leday is presently confined in ACC.

Defendants filed a motion for summary judgment (Doc. Item 28) which is currently before the court for report and recommendation.

## The Law of Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates that a summary judgment:

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, [submitted concerning the motion for summary judgment], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Paragraph (e) of Rule 56 also provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

In this regard, the substantive law determines what facts are "material". A material fact issue exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, the mere existence of a scintilla of evidence in

2

support of the plaintiff's position will be insufficient to preclude summary judgment; there must be evidence on which the jury could reasonably find for the plaintiff. Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999), 528 U.S. 906, 120 S.Ct. 249, 145 L.Ed.2d 209(1999), and cases cited therein.

If the movant produces evidence tending to show that there is no genuine issue of material fact, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. In this analysis, we review the facts and draw all inferences most favorable to the nonmovant. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegation are insufficient to defeat a motion for summary judgment. Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992), cert. denied, 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992).

### The Law and Analysis

Leday alleges that on April 26, 2004, he underwent a routine surgical procedure to repair a urethral stricture. Upon completion of the procedure, Leday returned to ACC where Nurse Terri Woods advised that he should declare himself an emergency if he felt any discomfort or severe pain and/or if he noticed discharge or blood in his catheter.

On April 30, 2005 at approximately 7:35 a.m., Leday

3

experienced severe pain and discomfort and declared himself a medical emergency. Leday contends that when he arrived at the infirmary defendants Spitz, Duplechain and Borrel were notified that he was there on an emergency basis, but they failed to see him during the two hours he waited for medical attention.

Leday left the infirmary at approximately 9:30 a.m. when he was notified that his parents were there for a visit. Leday did not return to the infirmary until 4:00 p.m. at which time he advised Nurse Spitz of the pain and discomfort he experienced. Nurse Spitz consulted with Nurse Borrel about the matter and then told Leday there was nothing they could do for him at the time and he should return to the infirmary on Monday (May 2, 2005) to see Nurse Woods.

Leday returned the following morning to report his pain and discomfort to the group of nurses on duty that day. They evaluated his condition and provided him with a warm bath in which he was to soak to alleviate pain. However, they too informed him that there was nothing more they could do, and he should return the next day to be seen by Nurse Woods.

When Leday returned on Monday, and was examined by a doctor who determined he should be returned to Louisiana State University Health Sciences Center, Shreveport ("LSUHSC") for further evaluation. Upon arrival at LSUHSC, Leday had a 105 degree fever, was admitted to the hospital, underwent a painful surgical

4

procedure to clear the septic infection which existed and remained hospitalized for several days.

Under the Eighth Amendment, a lack of proper inmate medical care can be "cruel and unusual punishment" only if it is "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The Supreme Court defined "deliberate indifference" as "subjective recklessness", or, in other words, a conscious disregard of a substantial risk of harm. Farmer. v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994).

Deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are "serious". A "serious" medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Hill v. DeKalb Regional Youth Detention Ctr., 40 F.3d 1176, 1186-87 (5th Cir. 1994), abrogated on other grounds, Hope v. Pelzer, 536 U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002).

A prison official is deliberately indifferent to a prisoner's serious medical needs if he intentionally denies or delays access to medical care. Walker v. Butler, 967 F.2d 176, 178 (5th Cir. 1992), Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987). Delay of medical care can violate the Eighth Amendment when it is

tantamount to unnecessary and wanton infliction of pain. Cases stating a constitutional claim for immediate medical attention have concerned medical needs that are obvious even to a layperson because they involve life-threatening conditions or situation where it is apparent that delay would detrimentally exacerbate the medical problem. In contrast, delay or even denial of medical treatment for superficial, non-serious physical conditions does not constitute an Eighth Amendment violation. <u>Hill</u>, 40 F.3d at 1187-88.

The seriousness of an inmate's medical need also may be decided by reference to the effect of delay in treatment. An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed. Delay in medical treatment must be interpreted in the context of whether the delay worsened the medical condition, and considering the reason for delay. <u>Id.</u>

In an effort to dispose of this case, defendants filed a motion for summary judgment, a memorandum in support thereof, what purports to be a statement of undisputed fact and an exhibit. (Doc. Item 28). Defendants did not support their motion with any affidavits or medical records. In fact, the only exhibit submitted was plaintiff's original complaint. Further, the statement of undisputed facts simply sets forth a single conclusion of law:

6

"Leday does not state in his pleadings any specific actions or conduct by named defendants, which constitutes a deprivation or violation of Plaintiff's Civil or Constitutional rights." Unsupported allegations are insufficient to either support or defeat a motion for summary judgment. <u>McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.</u>, 66 F.3d 89, 92 (5th Cir. 1995), op. revised in other part, 70 F.3d 26 (5th Cir. 1995), citing <u>Galindo v. Precision American Corp.</u>, 754 F.2d 1212, 1216 (5th Cir. 1985), rehearing denied, 762 F.2d 1004 (5th Cir. 1985). Also, <u>Newkirk v. Keyes Offshore, Inc.</u>, 782 F.2d 499, 502 (5th Cir. 1986).

Leday properly set forth and supported his Section 1983 claim. However, defendants' attempt to dispose of the matter failed in that they di not carried their initial burden of identifying those portions of the record which they believe demonstrate the absence of a genuine issue of material fact. As defendants are not entitled to a summary judgment and I recommend that defendants' motion for summary judgment be denied.

### Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that defendants' motion for summary judgment be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from the service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to

7

another party's objections with **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON THE GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana on this 26th day of April, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE